SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 683-4788 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>              Plaintiff,<br>v.<br><br>THOMAS NEVEU, an individual,<br><br>              Defendant. | Case No.: 2:10-cv-01674-GMN-LRL<br><br>**RIGHTHAVEN LLC'S MOTION TO DISMISS COUNTERCLAIM** |
| THOMAS NEVEU, an individual,<br><br>              Counterclaimant,<br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>              Counterdefendants. | |

1

Righthaven LLC ("Righthaven") hereby moves to dismiss Thomas Neveu's ("Neveu") responsive pleading which is entitled a counterclaim (the "Counterclaim") (Doc. # 9 at 3-14) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Alternatively, Righthaven moves to strike the Counterclaim pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)").

Righthaven's submission is based on the below Memorandum of Points and Authorities, the pleadings and papers on file in this action, any oral argument allowed by this Court, and on any other matter of which this Court takes notice.

Dated this 29th day of December, 2010.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Righthaven LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Righthaven asks the Court to dismiss, pursuant to Rule 12(b)(6), or strike, pursuant to Rule 12(f), Neveu's Counterclaim (Doc. # 9 at 3-14), which seeks a declaratory relief finding of no copyright infringement. (*Id.* at 13-14.) Righthaven makes this request because the Counterclaim introduces no new claims for relief from those already before the Court.

As the Court is aware, Righthaven has filed a copyright infringement claim against Neveu. (Doc. # 1.) If Righthaven fails to prevail on its copyright infringement claim, Neveu will obtain a judgment reflecting that he is not liable for copyright infringement based on facts at-issue in this action. Neveu has additionally alleged twenty (20) affirmative defenses in response to Righthaven's copyright infringement allegations. (Doc. # 9 at 2-3.) Based on these facts, and in view of the authorities cited herein, Neveu's Counterclaim, which is predicated on the Declaratory Judgment Act (*Id.* at 3), is a superfluous and unnecessary filing that should be dismissed or stricken. Righthaven respectfully requests the Court to take such action pursuant to Rule 12(b)(6) or Rule 12(f).

## II.  STATEMENT OF FACTS

Righthaven filed this copyright infringement action on September 27, 2010. (Doc. # 1.) Righthaven asserts that it is the owner of the copyrighted literary work entitled: "Righthaven is the owner of the copyright in the literary work entitled: "As the wind blows" (the "Work"). (Doc. # 1-1; Compl. Ex. 1.) September 22, 2010, the United States Copyright Office received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee, Service Request No. 1-491084222. (Doc. # 1-1; Compl. Ex. 3.)

Righthaven contends that Neveu is the owner of the Internet domain, and maintains control of the content posted at same, found at <climatechangedispatch.com> (the "Website"). (Doc. # 1 at 2; Compl. at 2.) Righthaven further asserts that on or about August 27, 2010, Neveu displayed, and continue to display, an unauthorized 100% reproduction of the Work (the

"Infringement") on the Website. (Doc. # 1 at 2, Doc. 1-1; Compl. at 2, Ex. 2.) Based on the alleged Infringement, Righthaven seeks, among other things, entry of a permanent injunction and an award of statutory damages against Neveu. (*Id.* at 5-6.) Righthaven has demanded a jury trial in this case. (*Id.* at 7.)

On or about December 9, 2010, Neveu answered the Complaint. (Doc. # 9.) Neveu's answer specifically denied that he had committed copyright infringement. (*Id.* at 2.) Neveu's answer also asserted twenty affirmative defenses, including failure to state a claim upon which relief can be granted. (*Id.* at 2-3.)

Neveu's responsive pleading additionally asserted the Counterclaim, which Righthaven asks the Court to dismiss or strike. (*Id.* at 3-14.) The relief sought in the Counterclaim is exclusively in the form of a declaratory judgment of non-infringement of the Work asserted in Righthaven's Complaint. (*Id.* at 3, 13-14.) No other copyright protected works are at-issue in the Counterclaim. (*Id.*) Neveu predicates this relief on the authority vested under the Declaratory Judgment Act. (*Id.* at 3.) As argued below, the Court should dismiss or strike the Counterclaim because it is unnecessary and duplicative of the issues already presented in the Complaint, Neveu answer and the affirmative defenses asserted.

### III.  APPLICABLE STANDARDS

#### A.  Federal Rule of Civil Procedure 12(b)(6) Standards.

Rule 12(b)(6) authorizes a party to bring a motion to dismiss on the ground that the allegations presented fail to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). Federal pleadings merely require a short and plain statement of the claim and the grounds upon which it rests, which serves to provide the defending party fair notice of the allegations made against it. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Conley v. Gibson,* 355 U.S. 41, 47 (1957). In deciding a motion brought under Rule 12(b)(6), the court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005); *Ecology v. United States Dep't of Air Force,* 411 F.3d 1092, 1096 (9th Cir. 2005). A declaratory relief

4

counterclaim which merely mirrors the allegations already placed at-issue by the pleading may be dismissed pursuant to Rule 12(b)(6). *See Englewood Lending Inc. v. G&G Coachella Invs., LLC,* 651 F.Supp.2d 1141, 1144 (C.D. Cal. 2009). Righthaven asserts the Court should dismiss the Counterclaim pursuant to Rule 12(b)(6) as argued below.

### B. Federal Rule of Civil Procedure 12(f) Standards.

A party may move to strike a redundant pleading pursuant to Rule 12(f). For purposes of deciding a Rule 12(f) motion, "redundant" has been defined as including allegations or claims that are needlessly repetitive. *See Gilbert v. Eli Lilly Co., Inc.,* 56 F.R.D. 116, 120 n.4 (D. P.R. 1972). As with a motion to dismiss under Rule 12(b)(6), the court must view the pleading under attack in the light most favorable to the pleader when ruling on a motion to strike under Rule 12(f). Discretion to strike the challenged pleading lies entirely within the court's sound discretion and the moving party need not demonstrate prejudice to be afforded the relief requested under Rule 12(f). *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1528 (9th Cir. 1993) (*rev'd on other grounds in Fogerty v. Fantasy, Inc,* 510 U.S. 517, 534-35 (1994)); *California v. United States,* 512 F.Supp. 36, 38 (N.D. Cal. 1981). A declaratory relief counterclaim which simply replicates the issues already defined by the pleadings may be stricken under Rule 12(f). *See, e.g., Tenneco Inc. v. Saxony Bar & Tube, Inc.,* 776 F.2d 1375, 1379 (7th Cir. 1985). Righthaven asserts the Court should dismiss the Counterclaim pursuant to Rule 12(f) as argued below as an alternative to its request for dismissal under Rule 12(b)(6).

### IV. ARGUMENT

#### A. The Court is Empowered to Dismiss or Strike a Declaratory Relief Counterclaim Which Merely Mirrors the Allegations of the Complaint and the Affirmative Defenses Asserted.

Federal procedural law governs Neveu's Counterclaim as it seeks declaratory relief. *See Golden Eagle Ins. Co. v. Travelers Companies,* 103 F.3d 750, 753 (9th Cir. 1996); *Englewood Lending Inc.,* 651 F.Supp.2d at 1144; *DeFeo v. Procter & Gamble Co.,* 831 F.Supp. 776, 779

(N.D. Cal. 1993)("The propriety of granting declaratory relief in federal court is a procedural matter."). Adjudication of rights under the Declaratory Judgment Act is completely discretionary. *See* 28 U.S.C. § 2201 ("any court of the United States . . . may declare the rights . . . of any interested party whether or not further relief is or could be sought."); *Chesebrough-Pond's, Inc. v. Faberge, Inc.,* 666 F.2d 393, 396 (9th Cir. 1982)("Declaratory relief is available at the discretion of the district court."); *Solenoid Devices, Inc. v. Ledex, Inc.,* 375 F.2d 444, 445 (10th Cir. 1967)("In the federal declaratory judgment cases, the word "may" [in 28 U.S.C.§ 2201] has never been held to uniformly mean 'shall.'"); *Englewood Lending Inc.,* 651 F.Supp.2d at 1145.

The Court "has discretion to dismiss . . ." pursuant to Rule 12(b)(6) a declaratory relief counterclaim which mirrors the complaint or which raises the same factual and legal issues as those placed at-issue through asserted affirmative defenses. *See Englewood Lending Inc.,* 651 F.Supp.2d at 1145. Alternatively, court have repeatedly stricken counterclaims pursuant to Rule 12(f) which raise the same facts and legal issues as those asserted via affirmative defenses, or which constitute a mirror image of the original complaint. *See, e.g., Tenneco Inc.,* 776 F.2d at 1379; *Lincoln National Corp. v. Steadfast Insurance Co.,* 2006 WL 1660591 (N.D. Ind. June 9, 2006) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown."); *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2006 WL 3782916 (N.D. Ill. Dec. 20, 2006); *see also Stickrath v. Globalstar, Inc.,* 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008). As Judge Easterbrook explained in *Tenneco Inc.*:

> The label "counterclaim" has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label. Fed.R.Civ.P. 8(c); *Hartford v. Romeo,* 407 F.2d 1302, 1303 (3d Cir. 1969); *Office & Professional Employees Union v. Allied Industrial Workers Union,* 397 F.Supp. 688, 691 (E.D. Wisc. 1975), *aff'd*, 535 F.2d 1257 (7th Cir. 1976); *Old Colony Insurance Co. v. Lampert,* 129 F.Supp. 545 (D.N.J.), *aff'd*, 227 F.2d 520 (3d Cir. 1955). . . . When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings

> counterclaims, affirmative defenses, or anything else.  The original complaint brought the dispute into court, and the parties to that complaint are parties to each aspect of the imbroglio.

*Tenneco Inc.,* 776 F.2d at 1379.

Dismissal of a declaratory relief claim which seeks relief that is merely duplicative of the issues already pending before the court promotes, among other things, efficient and effective judicial administration. *See, e.g., Stickrath,* 2008 WL 2050990, at *3.  As the United States District Court for the Northern District of California explained in *Stickrath*:

> [I]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before . . . dismissing the action. Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to considerations of practicality and wise judicial administration. District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses.

*Id.*

As argued below, Neveu's Counterclaim mirrors both his affirmative defenses and necessarily involves the resolution of issues already before the Court in Righthaven's Complaint.  Accordingly, the Counterclaim should be dismissed pursuant to Rule 12(b)(6) or stricken pursuant to Rule 12(f).

### B. Neveu's Declaratory Relief Counterclaim Should be Dismissed or Stricken as it is Duplicative of the Claims and Affirmative Defenses Already Before the Court.

As argued above, the Court is clearly empowered to dismiss or strike a declaratory relief counterclaim which mirrors the claims and affirmative defenses already pending before it.  This is precisely the nature of Neveu's Counterclaim – a duplicative, superfluous filing that is completely devoid of any unique claims or issues that require adjudication.  Accordingly, the Court should dismiss or strike Neveu's Counterclaim.

As set forth earlier in this filing, the relief sought in the Counterclaim is exclusively in the form of a declaratory judgment of non-infringement of the Work, which serves as the basis for Righthaven's infringement claim against Neveu. (Doc. # 9 at 3, 13-14; Doc. # 1 at 2; Compl. at 2.)  No other copyright protected works are at-issue in the Counterclaim. (Doc. # 9 at 3-14.)  Neveu predicates this relief on the authority vested under the Declaratory Judgment Act. (*Id.* at 3.)  As such, Neveu's declaratory relief claim can only be maintained if, in the Court's discretion, there is a basis for doing so. *See Chesebrough-Pond's, Inc.,* 666 F.2d at 396; *Solenoid Devices, Inc.,* 375 F.2d at 445; *Englewood Lending Inc.,* 651 F.Supp.2d at 1145.  Stated alternatively, Neveu's declaratory relief claim is not automatically exempt from dismissal or from being stricken merely because it is predicated on the Declaratory Judgment Act. *Id.*  In fact, dismissal of the Counterclaim is warranted in view of Neveu's answer and his asserted affirmative defenses, all of which preserve his perceived entitlement to a finding of non-infringement.

To begin with, Neveu has expressly denied having engaged in copyright infringement in his answer. (Doc. #9 at 2.)  It is axiomatic that if Neveu were to prevail in this action and defeat Righthaven's copyright infringement claim, a judgment of non-infringement would entered in his favor.  Neveu has also asserted twenty (20) affirmative defenses, including failure to state a claim upon which relief can be granted. (*Id.* at 2-3.)  All of the denials made and the affirmative defenses asserted are done for the express purposes of defeating Righthaven's copyright infringement claim, which would result in entry of a judgment of non-infringement in Neveu's favor.  Accordingly, the declaratory relief claim, which seeks a judgment of non-infringement, is completely redundant and should be dismissed or stricken by the Court.

## V.     CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court dismiss Neveu's Counterclaim pursuant to Rule 12(b)(6).  Alternatively, Righthaven respectfully requests the Court strike Neveu's Counterclaim pursuant to Rule 12(f) along with granting such relief as the deemed proper and just.

Dated this 29th day of December, 2010.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Righthaven LLC*

9

**CERTIFICATE OF SERVICE**

    Pursuant to LR 5-4, I hereby certify that a true and correct copy of Righthaven LLC's Motion to Dismiss Counterclaim was served via the Court's CM/ECF system via the generation of a Notice of Electronic Filing on December 29, 2010.

                                                  SHAWN A. MANGANO, LTD.

                                                  By: /s/ Shawn A. Mangano
                                                  SHAWN A. MANGANO, ESQ.