CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email:  djc@campbellandwilliams.com
       jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01674-GMN-LRL |
| Plaintiff, | **COUNTERDEFENDANT'S MOTION TO DISMISS OR STRIKE** |
| v. | |
| THOMAS NEVEU, an individual, | |
| Defendant. | |
| THOMAS NEVEU, an individual, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |

1

Counterdefendant Stephens Media LLC ("Stephens Media") hereby moves to dismiss the Counterclaim (Docket No. 9-0) filed by Defendant/Counterclaimant Thomas Neveu ("Mr. Neveu") pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Stephens Media moves to strike the Counterclaim as leveled against Stephens Media pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. This motion is based upon the pleadings and papers on file in this action, any oral argument this Court may allow, and any other matter of which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

This is a case in which a well-known company, Stephens Media, has been needlessly added as a party to a similarly needless counterclaim, despite said company's utter irrelevance to the pertinent factual and legal issues. Stephens Media's involvement with Righthaven LLC ("Righthaven"), as well as its involvement with this lawsuit, is limited to Stephens Media's role as the assignor of the subject copyright. Stephens Media's involvement with Mr. Neveu is virtually non-existent. As a practical matter, the facts clearly demonstrate the impropriety of Mr. Neveu's efforts: Stephens Media did not file the original copyright action against Mr. Neveu, Stephens Media is not the holder of the copyright, and Stephens Media has done nothing to precipitate the pending Counterclaim.

Mr. Neveu lacks standing to bring the pending Counterclaim against Stephens Media based on the simple fact that ***no justiciable case or controversy exists between the parties, nor is there any threat of an imminent case or controversy***. Absent the presence of an actual (or sufficiently immediate) dispute involving parties with adverse legal interests, an action for declaratory relief cannot stand. As Stephens Media is not part of Righthaven's infringement claim against Mr. Neveu and Stephens Media is not an agent of Righthaven, no actual case or controversy exists between Stephens Media and Mr. Neveu. Furthermore, as Righthaven, not Stephens Media, owns the exclusive right to seek redress for past, present, and future

infringements of the subject copyright, Stephens Media is not the real party in interest and is thus barred from pursing actions of this nature.  Accordingly, Mr. Neveu cannot legitimately claim to feel threatened by imminent legal action brought by Stephens Media.

Additionally, the Counterclaim should be stricken, or dismissed for failure to state claim, because the judgment sought by Mr. Neveu is a mirror image of the relief sought in the original Complaint.  The courts have consistently stricken or dismissed counterclaims which raise the same facts and legal issues as those asserted via affirmative defenses, or counterclaims which merely pursue the opposite effect of the original complaint.  Such repetitious, superfluous claims add nothing to the pleadings and must yield to considerations of practicality and efficient judicial administration.  Ultimately, the Court should avoid expending its resources on Mr. Neveu's Counterclaim, as all claims and defenses raised in said Counterclaim will be fully adjudicated as the natural and inevitable consequence of adjudicating Righthaven's original infringement action.  The same legal issues need not be adjudicated twice.

## II.    FACTS

This matter arises from the alleged copyright of the literary work entitled: "As the wind Blows" (the "Work"). (Compl. Ex. 2.)  The Work was originally published in the Las Vegas *Review-Journal* on or about August 27, 2010. (Compl. Ex. 2.)  The Las Vegas *Review-Journal* is owned by Stephens Media.  On or about September 16, 2010, Stephens Media entered into a copyright assignment with Righthaven (the "Righthaven Assignment"), a true and correct copy of which is attached hereto as Exhibit 1. (Ex. 1.)  The Righthaven Assignment provides, in pertinent part:

… Assignor hereby transfers, vests and assigns [the Work] … to Right*haven*, subject to Assignor's rights of reversion, all copyrights requisite to have Right*haven* recognized as the copyright owner of the Work for purposes of Right*haven* being able to claim ownership as well as the right to seek redress for past, present and future infringements of the copyright, both accrued and unaccrued, in and to the Work. (Ex. 1)

3

The copyright transfer between Stephens Media and Righthaven is reflected in the copyright registration for the Work, as issued to Righthaven by the United States Copyright Office. (Pl.'s Compl. Ex. 4.)  Said registration states: "Copyright Claimant: Righthaven LLC, Transfer: By written agreement." (Pl.'s Compl. Ex. 4.)  Upon entering into the Righthaven Assignment on or about September 16, 2010, Stephens Media did not own the copyright, or any of its divisible rights, in and to the Work.  As of the date of this filing, Righthaven remains the sole copyright owner of the Work.

On September 27, 2010, Righthaven filed its Complaint and Demand for Jury Trial (Docket No. 1-0).  Righthaven's Complaint is premised upon the alleged copyright infringement of the Work by Mr. Neveu (Pl.'s Compl. ¶¶ 25-27.)  Stephens Media is not a party to Righthaven's Complaint, nor is Stephens Media referenced in any manner beyond the written transfer language found on the Work's copyright registration. (*See* Pl.'s Compl. Ex. 4.)

## III.   ARGUMENT

### A.   *The Counterclaim Should Be Dismissed For Lack of Subject Matter Jurisdiction Because No Justiciable Controversy Exists Between Stephens Media and Mr. Neveu*

The Counterclaim should be dismissed for lack of subject matter jurisdiction because: (1) Stephens Media and Mr. Neveu are not on opposing sides of a real and concrete legal dispute, (2) there is no threat or indication that a dispute of this nature is imminent, and (3) Stephens Media has done nothing ***whatsoever*** to precipitate Mr. Neveu's declaratory judgment claim.  Stated more directly, Stephens Media and Mr. Neveu simply do not bear adverse legal interests.  As the Declaratory Judgment Act[1] may not be invoked absent these adversarial requirements, the pending declaratory judgment Counterclaim must fail.

---

[1]   *See* 28 U.S.C. § 2201.

1.   _**Venerable Law Mandates the Existence of an Actual, Immediate Controversy**_

The law is clear and unequivocal with respect to a litigant's standing to pursue an action for declaratory judgment.  The Supreme Court has expressly held that declaratory judgment claims must arise from disputes which are "definite and concrete, touching the legal relations of parties having adverse legal interests . . . and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) ("*MedImmune*") (*quoting Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).  Ripeness must also be considered in this analysis; the dispute giving rise to the claim must be one "of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Id.*  The D.C. Circuit has explained that a district court's subject matter jurisdiction over a declaratory judgment action is determined by the existence of an "actual controversy." *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.,* 482 F.3d 1330, 1337 (Fed. Cir. 2007) ("*Teva*").  An actual controversy within the meaning of the Declaratory Judgment Act is the same as a "case or controversy" under Article III: there must be an injury-in-fact that is "personal, concrete and particularized, and actual or imminent." *Id.* (internal citations and quotation marks omitted).  Furthermore, the court enjoys full discretionary power over declaratory relief claims, "and the court may refuse to hear such a claim on equitable grounds." *Foundation for Interior Design Education Research v. Savannah College of Art & Design,* 244 F.3d 521, 526 (6th Cir. 2001); *see also Solenoid Devices, Inc. v. Ledex, Inc.,* 375 F.2d 444, 445 (9th Cir. 1967); *Green v. Mansour,* 474 U.S. 64, 72 (1985) ("But we have also held that the declaratory judgment statute is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").  These principles, both individually and collectively, exemplify the impropriety of Mr. Neveu's pending Counterclaim.

. . . .

. . . .

### 2. <u>*No Case or Controversy Presently Exists*</u>

Dispositive to this analysis is the simple fact that no actual, justiciable controversy exists between Stephens Media and Mr. Neveu.  Righthaven, not Stephens Media, is the owner of the copyright in and to the Work. (Ex. 1.)  Righthaven, not Stephens Media, holds the exclusive right to seek legal redress for past, present, and future infringements of the Work. (Ex. 1.)  Accordingly, it was Righthaven, and not Stephens Media, that brought the original copyright suit against Mr. Neveu.  Somehow, Mr. Neveu chose to ignore these facts and include Stephens Media as a defendant to its declaratory relief claim.  As a result, Mr. Neveu now seeks a declaration of non-infringement against a party that: (1) does not own the copyright at issue, (2) was not party to the original infringement suit, and (3) has not threatened or otherwise alluded to the possibility of bringing suit against Mr. Neveu on its own behalf.  This hardly amounts to a "definite and concrete . . . real and substantial" dispute warranting a claim for declaratory relief. *See MedImmune,* 549 U.S. at 127.  Declaratory judgment claims cannot be founded solely upon tenuous, entirely unsubstantiated legal theories, such as the self-serving allegations set forth in the Counterclaim.  This is insufficient.

### 3. <u>*There is No Threat of an Imminent Case or Controversy*</u>

Similarly, Mr. Neveu is not facing any legitimate threat of a future lawsuit brought on behalf of Stephens Media.  As explained by the Supreme Court, the dispute at bar must be one "of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *MedImmune,* 549 U.S. at 127.  No imminent threat exists here.

Stephens Media has given no indication of filing a separate lawsuit on its own behalf, nor has Stephens Media done anything else to even remotely precipitate Mr. Neveu's Counterclaim. Prior to this litigation, Stephens Media had no professional relationship with Mr. Neveu such that a lawsuit may have arisen on that basis.  Stephens Media had never contacted Mr. Neveu concerning a legal dispute or any other matter.  Stephens Media and Righthaven do not share an agency relationship such that Righthaven's suit against Mr. Neveu could reasonably be tied to Stephens Media, and there is absolutely no evidence to support this erroneous accusation beyond

the conclusory allegations leveled in the Counterclaim.  Instead, Mr. Neveu is purely speculating and hypothesizing as to the nature of Stephens Media's involvement with this lawsuit, without any legitimate evidence to support its position.  To assert a declaratory judgment claim, Mr. Neveu must demonstrate either actual injury, or an imminent threat of injury. *Teva,* 482 F.3d at 1337.  Such an imminent threat cannot arise from mere speculation and conjecture.

Ultimately, Mr. Neveu appears to have included Stephens Media as a counterdefendant based solely upon Stephens Media's role as the assignor of the copyright.  Ironically, the fact that Stephens Media assigned the Work's copyright to Righthaven squarely undermines Mr. Neveu's Counterclaim.  As detailed on page 3, *supra*, the Righthaven Assignment expressly vested Righthaven with copyright ownership, including "the right to seek redress for past, present and future infringements of the copyright, both accrued and unaccrued, in and to the Work." (Ex. 1.) As such, upon entering into the Righthaven Assignment, Stephens Media fully relinquished its ability to sue for infringement of the Work.  Consequently, even if, *arguendo*, Stephens Media desired to sue Mr. Neveu for infringement of the Work, Stephens Media ***would be legally barred from doing so because Stephens Media would not be the real party in interest***.  The federal rules require that "the party who brings an action actually possess[es], under the substantive law, the right sought to be enforced." *United HealthCare Corp. v. American Trade Insurance Co., Ltd.,* 88 F.3d 563, 568-69 (8th Cir. 1996); Fed. R. Civ. P. 17(a).  In the context of assignments, the assignee is deemed the real party in interest after a claim or right has been assigned. *Klamath-Lake Pharmacy Association v. Klamath Medical Service Bureau,* 701 F.2d 1276, 1282 (9th Cir. 1983); *see also Farrell Construction Company v. Jefferson Parish, Louisiana,* 896 F.2d 136, 140 (5th Cir. 1990) ("[A] party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it.").  At present, Stephens Media would thus be precluded from bringing suit against Mr. Neveu because Stephens Media does not own the right to seek redress for infringements of the Work.  As a result, Mr. Neveu cannot reasonably argue that he is facing the threat of an imminent lawsuit by Stephens Media; Rule 17(a) would clearly prevent such an occurrence.

Summarily, the Court does not have subject matter jurisdiction to hear the pending Counterclaim because no case or controversy exists between Stephens Media and Mr. Neveu, nor is there any imminent threat of a case or controversy.  When considering a declaratory judgment claim, the court must look to the purpose of the Act. *Englewood Lending Inc. v. G & G Coachella Investments, LLC,* 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) ("*Englewood*").  The Ninth Circuit has stated that the purpose of the Declaratory Judgment Act is to "relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never." *Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.,* 655 F.2d 938, 943 (9th Cir. 1981) (citations omitted).  By this standard, it would run counter to the purposes of the Act should this Court exercise jurisdiction over Mr. Neveu's Counterclaim.  In this case, there is no "threat of impending litigation," nor can Stephens Media be fairly characterized as a "harassing adversary." *Id.*  To the contrary, Stephens Media has no involvement in this litigation beyond its limited role as the assignor of the copyright – an act which effectively precluded Stephens Media from being a material participant in the lawsuit.  The pending Counterclaim simply cannot stand under these circumstances.

### B.   *The Counterclaim Should Be Stricken or Dismissed Because the Judgment Sought is a Mirror Image of the Complaint*

The Counterclaim should be stricken, pursuant to Rule 12(f), or alternatively, dismissed for failure to state a claim because the declaratory judgment sought by Mr. Neveu adds nothing to the pleadings.  Instead, the Counterclaim merely restates the affirmative defenses set forth in the Answer and seeks the opposite effect of the Complaint.  Such repetitious, unnecessary pleadings should not absorb judicial resources, and the Counterclaim should accordingly be stricken.

The Court unquestionably has complete discretion to strike or dismiss the pending Counterclaim on this basis.  While the Declaratory Judgment Act provides that the federal courts "may declare the rights . . . of any interested party," the judiciary has emphasized that "the word

'may' has never been held to uniformly mean 'shall.'" *Solenoid Devices, Inc. v. Ledex, Inc.,* 375 F.2d 444 (9th Cir. 1967); 28 U.S.C. § 2201.  Furthermore, the courts have repeatedly held that counterclaims which raise the same facts and legal issues as those asserted via affirmative defenses, or counterclaims which constitute a mirror image of the original complaint, should be stricken under Rule 12(f). *See, e.g., Tenneco Inc. v. Saxony Bar & Tube, Inc.,* 776 F.2d 1375, 1379 (7th Cir. 1985); *Lincoln National Corp. v. Steadfast Insurance Co.,* 2006 WL 1660591 (N.D. Ind. June 9, 2006) ("Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown."); *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2006 WL 3782916 (N.D. Ill. Dec. 20, 2006); *see also Englewood,* 651 F. Supp. 2d at 1144-45.[2]  In *Stickrath v. Globalstar, Inc.,* 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008), the District Court for the Northern District of California explained:

> [I]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before . . . dismissing the action. Although federal courts normally should adjudicate all claims within their discretion, in the declaratory judgment context this principle yields to considerations of practicality and wise judicial administration. District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses.

Ultimately, the Court should avoid expending its limited resources on any counterclaim that will be fully adjudicated as the natural and inevitable consequence of adjudicating the plaintiff's original claims.  This principle is directly applicable here.

In the instant matter, Mr. Neveu's Counterclaim cites a single cause of action: "Declaration of No Copyright Infringement." (Defs.' Answer and Counterclaim, p. 13).  Clearly,

---

[2]    Distinguishing *Englewood* from the other cases cited herein is the fact that the *Englewood* court dismissed the defendant's counterclaim pursuant to a 12(b)(6) motion, rather than a 12(f) motion. *Englewood,* 651 F. Supp. 2d at 1147.  In so ruling, the court found that the claims for relief sought in the counterclaim were superfluous in light of the counterclaimant's affirmative defenses, thereby warranting dismissal for failure to state a claim. *Id.* at 1143-44. Stephens Media believes that this same logic can be applied in this case.

9

the declaratory relief sought by Mr. Neveu is the direct inverse of the sole cause of action for copyright infringement found in Righthaven's Complaint. (Pl.'s Compl. ¶¶ 28-41).  A practical consideration of the procedural posture sought by Mr. Neveu plainly demonstrates the superfluous, wholly unnecessary nature of the pending Counterclaim.  The Court will hear Righthaven's copyright claim and determine whether: (1) infringement occurred, or (2) no infringement occurred.  At that point, any adjudication of Mr. Neveu's Counterclaim would simply be a repetitive waste of the Court's time.[3]  Stephens Media cannot fathom any viable circumstance in which the Court's decision as to the original Complaint would be inconsistent from its ruling on the Counterclaim.

In addition to directly mirroring the relief sought by Righthaven in the original Complaint, Mr. Neveu's single cause of action, set forth in the Counterclaim, merely repeats the ***exact same legal theories*** as those already enumerated as affirmative defenses.  These theories include, without limitation, no infringement, implied or expressed license, fair use, *de minimis* infringement, and failure to mitigate. (*See* Defs.' Answer and Counterclaim, p. 8-13)  In fact, there does not appear to be a single legal theory cited by Mr. Neveu in the Counterclaim that has not also been listed as an affirmative defense in the Answer.

In this regard, the mere addition of the term "Counterclaim" to the heading of the document does not somehow negate the fact that every legal and factual issue raised in the Counterclaim will be fully resolved by the adjudication of Righthaven's original Complaint.  Faced with a similar set of facts, the Seventh Circuit in *Tenneco Inc.* succinctly explained: ***"[w]hat is really an answer or defense to a suit does not become an independent piece of litigation because of its label."*** *Tenneco Inc.,* 776 F.2d at 1379 (emphasis added).  There is no reason for the Court to deviate from this premise.  By striking or dismissing the pending Counterclaim – thereby removing Stephens Media as a party to this litigation – the Court will

---

[3]     Motions to strike are specifically intended for superfluous pleadings of this nature.  In fact, the "essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Stickrath,* 2008 WL 2050990, at *2.

effectuate the most efficient resolution possible without overlooking any claims or defenses raised in the pleadings.

**IV.      <u>CONCLUSION</u>**

For the reasons set forth above, Stephens Media respectfully requests that this Court grant the instant Motion to Dismiss or Strike the Counterclaim,.

Dated this 30th day of December, 2010.

Respectfully submitted,

CAMPBELL & WILLIAMS

By_____/s/ *J. Colby Williams*_____
 DONALD J. CAMPBELL, ESQ. (#1216)
 J. COLBY WILLIAMS, ESQ. (#5549)
 700 South Seventh Street
 Las Vegas, Nevada  89101
 Telephone:  (702) 382-5222
 Facsimile:  (702) 382-0540

Attorneys for Counterdefendant
Stephens Media, LLC

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing was served on the 30th day of December, 2010 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

___*/s/ J. Colby Williams*_____

An employee of Campbell & Williams