## 2:10-cv-01674-GMN -LRL Righthaven LLC v. Neveu et al

**THOMAS NEVEU**
23 Boutwell Street
Dorchester, MA, 02122-2513
Tel: (617) 265-7279

---

### UNITED STATES DISTRICT COURT
### For the
### DISTRICT of NEVADA

**In the matter of:**
    **Plaintiff**
**RIGHTHAVEN LLC**, a Nevada limited-liability Company

------------------------------------------------------------------x
    v.
    *Defendants*
**THOMAS NEVEU**, an individual

------------------------------------------------------------------x

### REPLY TO MOTION TO DISMISS COUNTERCLAIM & MOTION FOR JUDGMENT ON THE PLEADINGS

**By Defendant**
**THOMAS NEVEU** (*pro se*)

------------------------------------------------------------------x
    *Counterclaimant,*
**THOMAS NEVEU,** an individual (*pro se*)

------------------------------------------------------------------x
    v.
    *Counterdefendants*
**RIGHTHAVEN LLC Ltd.**
    *and*
**STEPHENS MEDIA LLC Ltd.**,
a Nevada limited-liability Company

------------------------------------------------

1

## REPLY TO MOTION TO DISMISS COUNTERCLAIM & MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant/Counterclaimant hereby (i) opposes Stephens Media LLC motion to dismiss Counterclaim and (ii) files Motion for Judgment on the Pleadings under FRCP 12(b)(6) "Failure to State a Claim for which Relief can be Granted."

Under F.R.C.P. 12(b)(6) Righthaven's complaint shall be dismissed under the doctrine of "unclean hands" and for being frivolous because:

(i) Original owner of the copyright, Stephens Media has misled this court when stating they have no interest in this matter because they continue to publish the article at issue and still publish a written claim to ownership of it's copyright;

(ii) Defendant ceased all publication of the copyrighted work before complainant had ownership of the copyright;

(iii) Stephens Media the original copyright owner at the time of the alleged offense (and still current *de facto* owner) has not filed any similar such claim against defendant;

(iv) The article has no ascribed monetary value with neither Stephens Media LLC nor Righthaven LLC ascribing any past or present economic loss whatsoever; thus no claim for monetary damages for alleged injury sustainable in equity.

For the above reasons motions to dismiss counterclaim shall be denied; defendant/counterclaimant's motion for judgment on the pleadings shall be granted.

## I. MEMORANDUM AND POINTS OF AUTHORITIES

The pressing issues of material fact are the original owner of the copyright, Stephens Media, has mislead this court about it's standing as an necessary party in this case; also the copyrighted article can be determined to possesses no monetary value (consequently no financial injury may be caused by third party republication).

**Copyright Misuse**

Copyright misuse is an equitable defense against copyright infringement in the United States based on the unreasonable conduct of the copyright owner. Finding that a copyright owner has engaged in misuse prevents the owner from enforcing his copyright through the securing of an injunction until he has "purged" himself of the misuse — i.e., ceased the unethical practices ( see *Morton Salt, United States v. Paramount Pictures, Inc.* 334 U.S. 131 (1948); *United States v. Loew's, Inc.* 371 U.S. 38 (1962) and *Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.* 441 U.S. 1 (1979).

The Supreme Court has long pronounced that "the doors of a court of equity [are closed] to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." (*Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)).

2

**Plaintiff has Suffered No Injury**

Within this judicial forum, the plaintiff and counter defendants have failed to present sufficient facts that, if taken as true, would indicate that any violation of law occurred or that the claimant is entitled to a legal remedy. Under Rule 12(b)(6) (Federal), a party can move to dismiss a complaint based on the fact that there are no issues of "material" fact requiring a trial for their resolution, and in applying the law to the undisputed facts, one party is clearly entitled to judgment as a claim without legal merit (*Dawson v. Wilheit*, 735 P.2d 93 (1987)).

II. **FACTS**
   (i) Stephens Media claims it does not possess the copyright of *'As the Wind Blow'* yet it makes such a claim on its website.
   (ii) Claimants Righthaven LLC failed to establish the financial value for the article, *'As the Wind Blows'* which is the subject of this matter and thus cannot reasonably assert a claim for financial damages absent declaration of a value.
   (iii) Righthaven has not sought to publish the article, *'As the Wind Blows'*; indeed it is still being continuously published by the Las Vegas Review Journal, owned by Stephens Media.
   (iv) Neither of the above parties has ever offered the article for sale (as per 17 U.S.C. 113(c)).

III. **ARGUMENT**

The court shall dismiss the Stephens Media motion to dismiss Neveu's counterclaim for the following reasons:
   (i) <u>Stephens Media continues to publish and claim ownership of the article 'As the Wind Blows' which claimant, Righthaven alleges it exclusively owns;</u>
   (ii) <u>No party has had opportunity to engage in discovery or interrogatories.</u>
   (iii) <u>The counterclaimant thus requires the opportunity to engage in discovery and the necessary interrogatories so that he may establish to the satisfaction of the court that the relationship between Righthaven and Stephens Media is contrary to interests of justice and this court.</u>
   (iv) <u>The article has never been offered for sale and thus is not protected by 17 U.S.C. 113(c):</u>

   a. The Las Vegas Review Journal, owned by Stephen's Media, continues to publish the article in question and also asserts ownership as per the following statement on its website:

*"All information, content, services and software displayed on, transmitted through, or used in connection with Stephens Media LLC., is owned or licensed by Stephens Media LLC., a Nevada limited liability company. You may use such content solely for personal, non-commercial use. If you operate a website and wish to link to Stephens Media LLC., you may do so provided you*

3

*agree to delete the link upon request from us. No other use is permitted without prior written permission."*

    b. As yet none of the parties has entered into the discovery process so that any ruling at this time to dismiss a claim would be a contravention of due process for lack of evidence.

    c. Counterclaimant asserts that if given further time to engage in discovery and interrogatories he will be able to further substantiate what the aforementioned circumstantial evidence implies; namely that Stephens Media and Righthaven are engaged in a conspiracy to misuse this court's resources and time, along with the copyright laws for unjust enrichment.

    d. No evidence is presented that the article, 'As the Wind Blows' was created for sale. Absent any evidence, we may infer the sole method now employed to "monetize" the article is by misusing the court's valuable time and resources filing a frivolous entrapment lawsuit. Thus the plaintiff has "unclean hands" (("Any party seeking equitable relief must come to the court with 'clean hands.'") (quoting Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 244 (1933) (applying Ninth Circuit law)).

**A Business Model Premised on Abuse of Court Time**

It is the contention of Defendant/Counterclaimant that there are as yet undiscovered facts to support the claim that RH and Stephens Media are operating a *de facto* business partnership, or conspiracy, to jointly make financial gain from filing frivolous lawsuits based on non-monetized articles only ever published in the Las Vegas Review Journal as 'bait' to snare unsuspecting bloggers who inadvertently re-publish such material and may or may not commit minor copyright infringements.

**IV. CONCLUSION**

Defendant/Counterclaimant opposes motion to dismiss counterclaim and moves for judgment on the pleadings.

Stephens Media LLC continues to publish the article, 'As the Wind Blows' on its website along with a statement that it still owns the copyright. This is contrary to their motion statements and pleadings. Stephens Media and Righthaven LLC have thus intentionally misled this court and have "unclean hands."

Thus it is clear that between them Stephens Media LLC and Righthaven have muddied the waters by creating ambiguity over ownership of this copyright such that there manifestly exists a 'gray area' in which this court may exercise its discretion and dismiss the action.

The false statements of Stephens Media also support a Counterclaim assertion of copyright misuse by way of conspiracy between Righthaven and Stephens Media.

4

There exists sufficient grounds herein established to warrant further consideration by this court of the counterclaim. Stephens Media's motion for dismissal of the counterclaim shall be therefore dismissed due to their proven misrepresentation before this court. In addition, the court may further apply its discretion and allow the counterclaim at least until such time as discovery and interrogatories are completed.

Moreover, as argued herein, Righthaven's claim shall be dismissed at least until such time that it and the original copyright owners have "purged" all appearance of the misuse of the article as per *Morton Salt*, *United States v. Paramount Pictures, Inc.* 334 U.S. 131 (1948) and *United States v. Loew's, Inc.* 371 U.S. 38 (1962).

Submitted by Defendant/Counterclaimant as true to the best extent of my knowledge under penalty of perjury.

Dated: March 2, 2011
By:
Thomas Neveu
23 Boutwell Street, Apt. 1
Dorchester, MA 02122

5

**SERVICE:**
Service U.S. mail sent on this 2nd Day of March 2011 to:

**RIGHTHAVEN LLC Ltd:**
Attorneys:

>RIGHTHAVEN LLC
>Anne E. Pieroni, Esq.
>apieroni@righthaven.com
>Ikenna K. Odunze, Esq.
>iodunze@righthaven.com
>9960 West Cheyenne Avenue, Suite 210
>Las Vegas, Nevada 89129-7701
>Tel.: (702) 527-5900
>Fax: (702) 527-5909

**UNITED STATES DISTRICT COURT:**
Lance S. Wilson
(Case no: 2:10-cv-01674)
Deputy Clerk to the Court
Lloyd D. George U.S. Courthouse
333 S. Las Vegas Blvd. South
Las Vegas, NV 89101
Tel: (702) 464-5400

**STEPHENS MEDIA LLC.**
Attorneys:
Campbell & Williams
Donald J. Campbell Esq (1216)
J. Colby Williams Esq. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Fax: (702) 382-0540

**Dated this 2nd day of March 2011.**

Signed: _____

Dated: _____3-2-2011_____

THOMAS NEVEU
23 Boutwell Street, Apt. 1
Tel: (617) 265-7279
Dorchester, MA, 02122-2513